**Dudley D. LYNN,**

v.

**State of MARYLAND, et al.**

**No. CIV.JFM–01–2889.**

United States District Court,
D. Maryland.

Dec. 17, 2003.

Khadijah R. Ali, Law Office of Khadijah R. Ali, Washington, DC, Maria C. Mendoza, Hernandez and Associates, PC, Washington, DC, for Plaintiff.

David P. Kennedy, State of Maryland Office of Attorney General, Baltimore, MD, J. Joseph Curran, Baltimore, MD, for Defendants.

OPINION

MOTZ, District Judge.

Plaintiff instituted this action against seven defendants, asserting numerous claims for constitutional and common law torts and seeking damages of $9,000,000. He ultimately obtained a verdict against

one defendant on a single claim (for use of excessive force) in the amount of $2,501.00 ($1.00 nominal damages and $2,500.00 in punitive damages). Plaintiff's counsel now seek attorneys' fees in the amount of $128,710.00 and costs in the amount of $12,132.80. I will award fees in the amount of $25,000.00 and costs in the amount of $2,157.80.

## I.

This was a simple and straightforward case. It arose from an incident that occurred when plaintiff and his wife were visiting their son who is housed at a Maryland correctional facility. Plaintiff alleged that he was subjected to an unconstitutional search and arrest as the result of a false alert by a drug dog. He also alleged that during the course of the search he was beaten by law enforcement officers.[1]

Plaintiff filed four separate complaints: the original complaint and three amended complaints. Defendants filed motions to dismiss or for summary judgment to these pleadings. To a large extent, the motions were well founded. They resulted in the dismissal of three of the defendants and a substantial winnowing down of plaintiff's claims against the remaining four defendants.

After the conclusion of discovery, the remaining defendants filed a motion for summary judgment. I granted the motion in part and denied it in part. Thereafter, I denied a motion for partial reconsideration filed by defendants as to plaintiff's claims based upon the alleged unlawful arrest and unlawful search. In denying the motion, I indicated that my ruling was without prejudice to defendants renewing their arguments by way of a motion for judgment as a matter of law at the conclusion of plaintiff's evidence at trial.

The case then proceeded to trial. At the conclusion of plaintiff's evidence, I did grant defendants' motion for judgment as a matter of law as to the unlawful search and unlawful arrest claims against all defendants. I also granted the motion of one of the defendants, Tameika Lockley, as to the claim against her for use of excessive force. This left for submission to the jury only excessive force claims against three of the defendants. The jury returned verdicts in favor of two of the defendants but a verdict in favor of plaintiff against the third for $1.00 in nominal damages and $2,500.00 in punitive damages.

## II.

It is well established that in evaluating a law enforcement officer's conduct, a court and jury should not view an incident with 20/20 hindsight but should base their judgment upon what a reasonable officer would have perceived the facts to be at the time the incident occurred. So too in awarding attorney fees and costs a court should not evaluate the reasonableness of actions taken by the lawyers seeking fees based solely upon the ultimate outcome of the case but rather upon the appropriateness of those actions as a reasonable lawyer would have perceived them contemporaneously during the various stages of litigation.

That said, it is clear that here plaintiff's counsel seriously misjudged the case from the inception and unnecessarily prolonged its duration and increased its cost.[2] When initially assessing this case, a skilled and experienced lawyer (entitled to the $200 and $225 hourly rates to which

---

[1]. Plaintiff also originally claimed that the officers stole money in his possession. He dropped that claim on the morning of trial. Although he contends that he did so for tactical reasons, the fact material for present purposes is that he voluntarily chose to abandon the claim after having incurred fees in pursing it.

[2]. It is with regret that I make unflattering observations about the performance of plaintiff's counsel. I know how difficult it is to

plaintiff's counsel claim they are entitled) would have seen it as one that in all likelihood would turn on the credibility of the limited number of eyewitnesses to the incident giving rise to plaintiff's claims. They would have filed a simple complaint under 42 U.S.C. § 1983 against the four persons alleged to have been personally involved in the incident.[3]

Skilled and experienced counsel would also have advised plaintiff that in all likelihood the case would not settle and that plaintiff would have an uphill battle in obtaining substantial damages at trial. However, those facts alone certainly would not have provided a basis for not instituting and pursuing the action. If plaintiff could have afforded to pay a fee, in my judgment skilled and experienced counsel would have charged a fee in the range of $20,000.00 to $25,000.00. This fee would have covered the approximately 100 to 120 hours counsel would have foreseen should be expended in (1) interviewing witnesses, (2) preparing the complaint and written discovery materials, (3) preparing for and participating in one to two days of depositions, (4) responding to a summary judgment motion, (5) preparing a pretrial order and proposed voir dire questions and jury instructions, (6) attending conferences with the court, (7) preparing for and participating in a two to two and a half-day trial, and (8) in the event of a favorable verdict, submitting a short motion for fees and costs based upon accurate records that were contemporaneously maintained.

Unfortunately, the manner in which plaintiff's counsel actually handled the case stands in stark contrast to the manner in which skilled and experienced counsel would have handled it. As I have previously indicated, they over-complicated the pleading process, filing four different complaints. They named defendants and asserted uncognizable claims in those complaints. As a result, defense counsel (who, I note, did not make ado about nothing and got to the point at each stage of the litigation) was required to file numerous motions to dismiss and for summary judgment. These motions were meritorious except as to three of the defendants' motion for summary judgment as to plaintiff's excessive force claim.[4] Moreover, instead of narrowing plaintiff's claims when facts established during discovery demonstrated that they lacked merit, plaintiff continued to pursue them aggressively. He also hired an expert whose proposed testimony became the subject of a motion in limine I ultimately granted.[5] The trial itself went

practice law and have no desire to make life more difficult for lawyers who appear before me by subjecting them to disparagement. However, in light of the amount of the award plaintiff's counsel are seeking, I have no choice but to state the reasons I believe the fees and costs they request were increased exponentially as the result of their own performance.

3. Initially, based upon what plaintiff and his wife told them, counsel may properly have included claims for the unlawful search and an unlawful arrest stemming from the false alert by a drug dog. However, as soon as the evidence learned during discovery revealed that the named defendants were not responsible in any way for conducting the dog search, these claims should have been dismissed. In-stead, as discussed in the text, plaintiff's counsel spent substantial time and incurred a substantial expert fee in pursuing the claims.

4. Although I denied the four defendants' motion for summary judgment as to the unlawful search and unlawful arrest claims and defendant Lockley's motion for summary judgment on the excessive force claim, defendants' motions on those claims were ultimately proven to be meritorious in light of my rulings at trial on defendants' motions for judgment as a matter of law.

5. To the extent that the expert would have opined as to the propriety of the dog sniff resulting in the search and arrest of plaintiff, his testimony would have been irrelevant because none of the named defendants were

on approximately twice as long as it should have because of plaintiff's inartful questioning and extensive examination of witnesses on immaterial points.

Even after trial, when they prepared their motion for fees and expenses, plaintiff's counsel unreasonably and unnecessarily increased the cost of the proceedings. They assert that they have spent over 50 hours in pursuing their motion for fees and costs, and they request an award of over $11,200.00 for their work. Almost $6,500.00 worth of this time was spent in preparing a reply memorandum, a supplemental reply memorandum, and supporting documents that were filed in response to defendant's quite appropriate opposition to the original fee petition. In effect, plaintiff's counsel are bootstrapping their unreasonable and excessive claim into a reason for requesting even more unreasonable and excessive fees. Moreover, in their initial reply memorandum, plaintiff's counsel admit that although they kept contemporaneous time records, those records were not "in the most organized and legible format." Based upon the time records eventually submitted in support of the motion for fees and costs, over seven hours was spent "preparing time records." This means that at a rate of $225 per hour, plaintiff's counsel is seeking to make defendant pay more than $1,500.00 for counsel's own improper contemporaneous record-keeping.

---

responsible for conducting the dog sniff. To the extent that the expert would have expressed any opinions as to the excessive force claims, his testimony would have been immaterial because defendants conceded that if plaintiff's version of what occurred were true, the force they used against him would have been excessive.

6. Plaintiff's original counsel affiliated with a second lawyer to assist her in the case. She was, of course, entirely free to make this decision. However, whether one or two lawyers were representing plaintiff, no more than

## III.

Having summarized the reasons for my fees and costs award, I will now explain in greater detail how the twelve factors enumerated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974) have guided me in the exercise of my discretion. *See Trimper v. City of Norfolk*, 58 F.3d 68, 73 (4th Cir.1995).

1. *The time and labor required to litigate the suit.*[6]

For the reasons I have stated, I find that a skilled and experienced lawyer entitled to charge $200/$225 an hour could have properly prepared and tried this case by spending 100 to 120 hours.

2. *The novelty and difficulty of the questions presented.*

The legal issues presented in this case were neither novel nor difficult. All that was required was to apply well settled law to the specific facts presented. A lawyer entitled to charge $200/$225 per hour would have had the relevant authorities at her fingertips and would not have been required to engage in any extensive legal research.

3. *The skill required properly to perform the legal service.*

Any trial lawyer with a working knowledge of the law developed under 42 U.S.C.

---

100 to 120 hours had to be expended to provide him with entirely effective representation. I agree with defendant that there was nothing about the nature of the case requiring more than one lawyer to appear for plaintiff at depositions, hearings, and conferences or to perform any other task. *See §§ 2.b, 2.c. & 2.d, Rules and Guidelines For Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases, Appendix B, Local Rules of the United States District Court for the District of Maryland.* I also note that defendants were represented by only one lawyer at all stages of the litigation, including trial.

§ 1983 was capable of performing the legal services required.

### 4. The preclusion of other employment opportunities.

Both defense counsel and I accommodated plaintiff's counsel's schedule whenever necessary, and the case presented no extraordinary time demands. Plaintiff's counsel have presented no evidence that they were precluded for any other reason from pursuing other employment opportunities as a result of their representation of plaintiff in this case.

### 5. The customary fee for such services.

For purposes of my analysis, I accept plaintiff's counsel's proposed hourly fees of $200 and $225 per hour.

### 6. Whether the fee is fixed or contingent.

Plaintiff's counsel had a contingent fee agreement. To the extent this factor is relevant, I find it weighs in favor of awarding a fee in the top of the range ($20,000 to $25,000) I find to be reasonable. The uncertainty that plaintiff's counsel would receive any payment justifies liberality in applying the other relevant factors.

### 7. Time limitations imposed by the client or the circumstances.

As I indicated in addressing the fourth factor, no particular time limitations were placed upon plaintiff's counsel.

### 8. The amount in controversy and the results obtained.

Plaintiff's counsel, who requested damages of at least $9,000,000 in the *ad damnum* clause and $750,000 in their closing argument to the jury, substantially overvalued their client's claims. The jury awarded plaintiff only $1 in nominal damages and $2,500.00 in punitive damages against only one defendant.

If I were to consider this result alone, I would award substantially lower fees than I am awarding. *See generally Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). However, the case did present triable issues both as to liability and damages, and plaintiff prevailed on a matter of principle that implicates the public interest. I therefore find it appropriate to award his counsel fees that provide reasonable compensation for the time necessarily incurred even though the fee award constitutes a high multiple of the damages recovered.[7]

### 9. The experience, reputation, and ability of the attorney.

I have given plaintiff's counsel credit for their years at the bar in making an award based upon hourly rates of $200 and $225. The quality of their performance does not entitle them to any multiplier.

### 10. The "undesirability" of the case.

There was nothing undesirable about representing plaintiff in this action. Civil

---

**7.** Asserting that all his claims arose from the same set of core facts and that hours his counsel spent on unsuccessful claims should be compensable to the extent that they contributed to the his success in other ways, plaintiff argues that his counsel should be compensated for the time they spent in litigating his claims arising from an alleged unlawful search and alleged unlawful arrest. The argument is entirely unpersuasive. Although the dog sniff that gave rise to the search and arrest of plaintiff provided relevant background information at trial, there was absolutely no legal basis for holding any of the defendants liable for any errors committed in connection with the dog sniff since they were not responsible for conducting it. Nevertheless, plaintiff's counsel spent substantial time in pursuing those claims in the various iterations of the complaint, through summary judgment, and at trial. That work did not contribute to plaintiff's limited success on the excessive force claim against one of the defendants.

rights actions challenging the conduct of correctional officers and other law enforcement officials is a staple of federal practice.

11. *The nature and length of attorney's professional relationship with the client.*

Plaintiff has presented no information suggesting that this factor would support fees higher than those otherwise appropriate.

12. *Awards in similar cases.*

Fee awards in cases such as this vary across a broad range, depending upon their facts and circumstances. They do not establish any strict formula and can only provide guidance for the exercise of discretion. The award I am making is ten times the amount of plaintiff's recovery. However, it recognizes the importance of that recovery and is intended to provide reasonable compensation for the work that reasonably had to be expended to achieve it.

## IV.

■ Plaintiff has requested costs in the amount of $12,132.80.[8] Of these requested costs, $9,975 are for plaintiff's proffered expert. As I have previously stated, I granted a motion in limine to preclude the expert's testimony and find that plaintiff's retention of him was unreasonable and unnecessary. *See footnote 5, supra.* Accordingly, I will not award plaintiff the amount of his fee. Otherwise, plaintiff's request for costs will be granted.

A separate order effecting the rulings made in this memorandum is being entered herewith.

---

8. When originally submitting his motion, plaintiff did not include any itemization or supporting documentation for the requested costs. Such itemization and documentation is required by Local Rule 109.1.b. Moreover,

## ORDER

For the reasons stated in the accompanying Opinion, it is, this 17th day of December 2003

ORDERED

1. Plaintiff's motion for attorneys' fees and costs is granted in part and denied in part; and

2. Plaintiff is awarded attorneys' fees in the amount of $25,000.00 and costs in the amount of $2,157.80.

to the extent that plaintiff claims taxable costs, the request was untimely under Local Rule 109.1.a. I will, however, waive both of those requirements.