## Joseph FERLITO and Angelo Ferlito, Plaintiff,

v.

The COUNTY OF SUFFOLK; P.O. Christian Hubert; P.O. Michael S. Turansky; and Steven A. Levy a/k/a Steve Levy, Defendants.

### No. CV 06–5708(DRH)(AKT).

United States District Court, E.D. New York.

March 16, 2011.

Frederick K. Brewington, Valerie M. Cartright, Law Offices of Frederick K. Brewington, Hempstead, NY, Victor M. Serby, Victor M. Serby, Esq., Woodmere, NY, for Plaintiff.

Arlene S. Zwilling, Suffolk County Attorney, Susan A. Flynn, Suffolk County Attorney's Office, Hauppauge, NY, for Defendants.

### ORDER

A. KATHLEEN TOMLINSON, United States Magistrate Judge:

Presently before the Court is Defendants' letter motion pursuant to Fed.R.Civ.P. 26(b)(4)(C) seeking to stay their obligation to pay the expert witness fee of Plaintiffs' expert until the conclusion of the action. *See* DE 107. Not only do Plaintiffs oppose Defendants' motion, but they cross-move for sanctions and attorneys' fees.[1] DE 108.

On December 14, 2009, Defendants took the deposition of Plaintiff's expert witness, Gary Certain, Esq. Subsequent to the deposition, Mr. Certain billed the Defendants the sum of $1,700 for his time spent in connection with the deposition. *See* DE 107 at 1 and Ex. C (billing flat rate of $1,700 for a half day deposition). According to the Defendants, Mr. Certain, a former prosecutor and now civil rights attorney, intends to testify at trial that the Defendants are liable to Plaintiffs for unlawful actions by the Suffolk County District Attorney's Office in part because of their inability to locate the files regarding Plaintiffs' prosecution. *See* DE 107. The Defendants argue that their previously withdrawn motion for partial summary judgment[2] sought summary judgment on the

---

1. In addition, the Plaintiffs cross-move for an Order compelling Defendants to provide them with Plaintiffs' prosecution files. *See* DE 108. In response, Defendants state that they

   have no objection to the production of the District Attorney's files. However, they cannot be compelled to produce such files since the District Attorney is a non-party to this action and the County Attorney's Office does not represent the District Attorney herein.

DE 110. Nevertheless, Defendants' counsel also advises that the District Attorney's Office located the files and delivered them to her, which files in turn, were being delivered to Plaintiffs' counsel. *Id.* Based on this representation, the Court finds this issue moot.

2. As a result of the discussions the Court had with the parties during a May 6, 2010 Status Conference, the Court directed the parties to

claims to which Mr. Certain intends to testify and also sought to preclude his testimony on the basis that such testimony will no longer be relevant should partial summary judgment be granted. Defendants maintain that the same relief will be contained in their anticipated renewed motion. Irrespective of this motion, Defendants also state their intention to move *in limine* to preclude Mr. Certain's testimony based on their position that Certain is not truly an expert and that he improperly intends to opine on issues that are for the jury to decide. Lastly, Defendants argue that the District Attorney's Office located the files of Plaintiffs' prosecution, and thus, the proposed testimony by Mr. Certain on the unavailability of prosecution files is now irrelevant.

For the reasons identified above, Defendants conclude that they should not have to pay the expense of Mr. Certain's unnecessary deposition. However, the arguments presented by Defendants do not provide a basis to stay their obligation to pay the fees charged by Mr. Certain until the action is concluded under Rule 26, particularly since the deposition took place some time ago. The Federal Rules of Civil Procedure state that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R.Civ.P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(C), "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed.R.Civ.P. 26(b)(4)(C)(i).

Here, the Defendants sought and took the deposition of Plaintiffs' expert. That was their choice. Therefore, unless manifest injustice would result, the Defendants are required to pay Mr. Certain a reasonable fee for his deposition. *See Dwyer v. Lufthansa*, No. CV 04–3184, 2007 WL 526606, at *4 (E.D.N.Y. Feb. 13, 2007) ("Compensating an expert for time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement."). Defendants' belief that Mr. Certain's testimony at trial will be unnecessary and improper is irrelevant to this inquiry. So, too, is Defendants' argument that the claims for which Mr. Certain plans to testify may be dismissed from the action. In fact, the Defendants previously argued to this Court, with regard to extending the deadline to submit a proposed joint Pre–Trial Order, that Mr. Certain's deposition was "required" to make their motion for partial summary judgment. *See* DE 80. Nevertheless, based on the arguments presented by the Defendants, the Court does not find any manifest injustice in requiring Defendants to pay Mr. Certain's expert fee.

Furthermore, the cases cited by the Defendants either (1) fail to support their argument that a party's Rule 26 obligation to pay a reasonable fee can be stayed or (2) are clearly inapposite to the facts here. For instance, in *Vialpando v. Johanns*, 619 F.Supp.2d 1107 (D.Colo.2008), plaintiff moved, post-verdict, for an award of costs including expert fees under 42 U.S.C. § 1988(c) and not pre-trial, pursuant to Rule 26, as is the case here. *See Vialpando*, 619 F.Supp.2d at 1130. Likewise, in *Lynn v. Maryland*, 295 F.Supp.2d 594 (D.Md.2003), the plaintiff, also post-verdict, sought an award of costs including those costs associated with plaintiff's expert. *Lynn*, 295 F.Supp.2d at 599. The only case cited by Defendants that has any relevance to Rule 26 is *Rogers v. Penland*, 232 F.R.D. 581 (E.D.Tex.2005), a Texas district court case which does not bind this Court. No supporting case law from courts within the Second Circuit was provided.

In *Rogers*, both parties made a request for reimbursement of expert fees under Rule 26(b)(4)(C) after the jury returned a verdict.[3] *See Rogers*, 232 F.R.D. at 582. The defendant in *Rogers* retained four experts, all of whom plaintiff deposed. However, at trial,

---

withdraw, without prejudice, their respective motions for summary judgment. *See* DE 104.

**3.** It is worth noting that the court in *Rogers* pointed to the fact that the case was "tried in the Eastern District of Texas, by Texas attorneys, representing Texas clients" and that the "usual custom in such cases is for each side to pay its own experts, in the absence of abusive discovery requests." *Rogers*, 232 F.R.D. at 582.

the defendant did not call any of the four experts to testify nor did the defendant introduce any of their testimony. *Id.* Notwithstanding that fact, the court in *Rogers* explained that "while these circumstances, coupled with the late nature of the fee request, indicates a sharp application of the technical letter of the federal rules in this case, the matter probably does not rise to the level of 'manifest injustice,' at least not to the request in its entirety." *Id.* Therefore, the court awarded reimbursement of these expert fees with the exception of one witness who was precluded from testifying at the trial after a successful *Daubert* challenge by the plaintiff. *Id.* at 583. With regard to this witness, the court reasoned that "[t]o require a party to pay for the costs of a witness who was not even called, and against whom the court has sustained a *Daubert* challenge is manifestly unjust." *Id.*

Contrary to the facts in *Rogers,* the request for reimbursement here was made prior to trial. In fact, Mr. Certain sent an invoice to Defendants' counsel on January 10, 2010, seeking payment of $1,700 within 15 days of receipt of the invoice.[4] DE 107, Ex. C. Furthermore, despite the Defendants' representation that Mr. Certain's testimony will not reach a jury here, the fact of the matter is that a *Daubert* hearing has not been conducted and the relevant claims for which Mr. Certain plans to offer testimony still remain in the action. As such, the limited circumstances that applied in *Rogers* are not applicable here.

Accordingly, the Court does not find any manifest injustice in requiring Defendants to pay the requested fee to Mr. Certain. As such, the Defendants' motion is hereby DENIED and the Defendant is directed to make payment of $1,700 within 14 days of this Order. Moreover, since this Court expressly granted Defendants permission to make the present motion (*see* DE 110, Ex. B), Plaintiffs' cross-motion for sanctions and attorneys' fees is DENIED. The Court further

notes that pursuant to Section 1983, the prevailing party may move for an award of fees and expenses at the conclusion of the case. If Defendants obtain a verdict in their favor, they can move for reimbursement pursuant to the statute.

Counsel are directed to participate in a telephone conference on April 6, 2011 at 11:30 a.m. to schedule the remaining dates of the pre-trial phase of this case. Defendants' counsel is requested to initiate the call to Chambers.

**SO ORDERED.**

---

4. Although the flat rate charged by Mr. Certain is generally discouraged (*see, e.g., Garnier v. Ill. Tool Works, Inc.,* No. 04–CV–1825, 2006 WL 1085080, at *2 (E.D.N.Y. Apr. 24, 2006)), Defendants have not challenged the reasonableness of the rate. Therefore, the Court finds that the fee—which according to Mr. Certain's representations contained in DE 107, Ex. B, breaks down to approximately $425 per hour for four hours—is not an unreasonable fee, although it is on the high side.